Case 3:25-cv-00614-GNS   Document 10   Filed 03/16/26   Page 1 of 7 PageID #: 75

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00614-GNS

TONI CLEM                                                                PLAINTIFF

v.

OVARE GROUP, INC.                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (DN 5). The motion is ripe for adjudication.

## I.     STATEMENT OF FACTS AND CLAIMS

Plaintiff Toni Clem ("Clem") brings this action to recover executive compensation from Defendant Ovare Group, Inc. ("Ovare"). (Compl. ¶ 1, DN 1-2). Clem worked for Ovare in various high-level positions, including president, chief operating officer, and chief revenue officer. (Compl. ¶ 6). In 2009, the parties entered into a long-term incentive plan ("LTIP"), which granted Clem stock appreciation rights ("SARs"). (Compl. ¶¶ 1, 8). Clem exercised some of her SARs—and received payment from Ovare—before she resigned in 2021. (Compl. ¶¶ 10, 12). Her remaining SARs were deemed exercised ninety days after she resigned, but she has not yet received any payment. (Compl. ¶¶ 13-14). For several years, Clem has been told that Ovare had not "made Ceiling," or, in other words, that Ovare did not make enough money that year to fund her SARs. (Compl. ¶¶ 15-19). Clem contends that Ovare's actions violated the terms of the LTIP. (Compl. ¶¶ 21-25). Clem asserts a breach of contract claim, and, in the alternative, asserts declaratory judgment, unjust enrichment, and Employee Retirement Income Security Act ("ERISA") claims. (Compl. ¶¶ 26-68).

## II.    JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331. In addition, the Court has supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(a).

## III.    STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted).

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield*

*Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-64 (2007).

## IV.   DISCUSSION

Ovare argues that Clem failed to state a claim because (1) Clem's state law claims are preempted by ERISA; (2) Clem's ERISA claim fails because she did not exhaust her administrative remedies; and (3) Clem conceded that her unjust enrichment claim should be dismissed.  (Def.'s Mem. Supp. Mot. Dismiss 4, 9, 11, DN 5-1; Def.'s Reply Mot. Dismiss 7, DN 9).

### A.   ERISA

An ERISA plan is statutorily defined as a:

> plan, fund, or program which was heretofore or is hereafter established or
> maintained by an employer or by an employee organization, or by both, to the
> extent that by its express terms or as a result of surrounding circumstances such
> plan, fund, or program—
> > (i)      provides retirement income to employees, or
> > (ii)      results in a deferral of income by employees for periods extending
> > to the termination of covered employment or beyond,
> regardless of the method of calculating the contributions made to the plan, the
> method of calculating the benefits under the plan or the method of distributing
> benefits from the plan.

29 U.S.C. § 1002(2)(A).  The "existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding circumstances and facts from the point of view of a reasonable person." *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 434 (6th Cir. 1996).  "For this reason, district courts generally consider an ERISA determination on a motion for summary judgment." *Tate v. Chiquita Brands Int'l Inc.*, No. 1:09-CV-00006, 2009 WL 2431283, at *6 (S.D. Ohio Aug. 6, 2009) (citations omitted).  "The most important consideration in construing a plan 'is the language of the plan itself as known by the employees, or as the employees should have known.'" *Kolkowski v. Goodrich Corp.*, 448 F.3d 843, 850 (6th Cir. 2006) (citing *Callahan v. Rouge Steel*

*Co.*, 941 F.2d 456, 460 (6th Cir. 1991)).  The Sixth Circuit also looks at the nature of the plan, the surrounding circumstances, and asks whether "a reasonable person [could] ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Cassidy v. Akzo Nobel Salt, Inc.*, 308 F.3d 613, 616 (6th Cir. 2002) (citing *Swinney v. Gen. Motors Corp.*, 46 F.3d 512, 517 (6th Cir. 1995)).

Ovare argues that the LTIP is a top hat plan and therefore governed by ERISA, while Clem asserts that it is a bonus plan outside of ERISA.[1]  (Def.'s Mem. Supp. Mot. Dismiss 4-6; Pl.'s Resp. Def.'s Mot. Dismiss 2-4, DN 8).  This Court explained the difference between top hat and bonus plans in *Hester v. Whatever It Takes*:

> A "Top Hat" plan differs from typical ERISA plans.  *See Haviland v. Metro. Life Ins. Co.*, 876 F. Supp. 2d 946, 966 (E.D. Mich. 2012), *aff'd*, 730 F.3d 563 (6th Cir. 2013).  A "Top Hat" plan is "a plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees[.]"  29 U.S.C. § 1051(2).  Top hat plans are treated differently from welfare benefit plans; they are exempt from ERISA's substantive regulations yet fall within ERISA's reporting and enforcement provision.  *See Simpson* [*v. Mead Corp.*], 187 F. App'x [481,] 483-84 [(6th Cir. 2006)] *and Bakri v. Venture Mfg. Co.*, 473 F.3d 677, 678 (6th Cir. 2007).  Thus, a Top Hat plan is an ERISA plan, and claims for benefits under a Top Hat plan are preempted under federal law.  *See Simpson*, 187 F. App'x at 484.  The Sixth Circuit has set forth four factors that it considers when determining whether a plan is a Top Hat plan under ERISA: "(1) the percentage of the total workforce invited to join the plan (quantitative), (2) the nature of their employment duties (qualitative), (3) the compensation disparity between Top Hat plan members and non-members (qualitative), and (4) the actual language of the plan agreement (qualitative)."  *Bakri*, 473 F.3d at 678.
>
> A bonus program that defers income is not an ERISA plan.  A bonus program is one that "express purpose is to pay a financial 'bonus' or 'additional incentive' to employees to encourage performance or retention."  *Wilson* [*v. Safelite Grp., Inc.*], 930 F.3d [429,] 435-36 [(6th Cir. 2019)].  A *systematic* deferral of bonus payments would be subject to ERISA.  29 C.F.R. § 2510.3-2(c).  "A 'classic bonus situation' involves 'reward (higher cash value) for superior performance (higher corporate earnings)."  *Wilson*, 930 F.3d at 435 (citing *Emmenegger v. Bull Moose Tube Co.*, 197 F.3d 929, 933 (8th Cir. 1999)).

---

[1] In the alternative, Clem requests a period of discovery to determine the plan's status.  (Pl.'s Resp. Def.'s Mot Dismiss 4).

*Hester v. Whatever It Takes*, No. 3:21-CV-578-RGJ, 2022 WL 89176, at *4-5 (W.D. Ky. Jan. 7, 2022) (first alteration in original).

In this instance, it is not clear from the materials submitted that the LTIP is a top hat plan rather than a bonus plan. *See Tate*, 2009 WL 2431283, at *6. For example, in her complaint, Clem averred that the LTIP was only offered to Plaintiff and three other senior level employees, with two additional senior level employees included later. (Compl. ¶ 7). Ovare argues that because the plan was only offered to six employees—especially given that it is an international company—a small percentage of Ovare employees were invited to join the plan. (Def.'s Mem. Supp. Mot. Dismiss 6; Def.'s Reply Mot. Dismiss 3, DN 9). Ovare, however, does not point to a specific percentage to demonstrate that this "quantitative" factor supports its argument. *Bakri*, 473 F.3d at 678; *see Deal v. Kegler Brown Hill & Ritter Co. L.P.A.*, 551 F. Supp. 2d 694, 700-01 (S.D. Ohio 2008) (the court lacked information necessary to determine that the plan at issue was a top hat plan where the defendant provided inaccurate percentages); *Cramer v. Appalachian Reg'l Healthcare, Inc.*, No. 5:11-CV-49-KKC, 2012 WL 5332471, at *2 (E.D. Ky. Oct. 29, 2012) ("Although there is no bright-line rule on what constitutes a 'select group of management of highly compensated employees,' plans that limit participation to 15% or less of the workforce have consistently been treated as top hat plans." (citation omitted)). While Ovare asserts that that the Court may infer Clem and the other senior employees were highly compensated by virtue of their positions, no evidence has been presented on compensation. *See Simpson v. Ernst & Young*, 879 F. Supp. 802, 816 (S.D. Ohio 1994) ("Since no evidence was presented as to the average compensation of all employees covered by the . . . Plan, it is not possible to tell whether they were all highly compensated employees. Thus, we find that the . . . Plan does not fall into the 'top hat' exemption." (internal citation omitted)), *aff'd*, 100 F.3d 436 (6th Cir. 1996); *Deal*, 551 F. Supp. 2d at 700-01

(the court also lacked needed information necessary to determine that the plan at issue was a top hat plan where the defendant did not provide all relevant salaries); *cf. Vest v. The Nissan Supplemental Exec. Ret. Plan II*, No. 3:19-CV-1021, 2020 WL 7695261, at *6 (M.D. Tenn. Dec. 28, 2020) (the court declined to determine whether the plan was a top hat plan when the parties provided little argument or evidence, even though "it is readily inferable that the top-ranking executives . . . were paid at a higher level than others in the company"). Additionally, in her response, Clem points to language in the LTIP that indicates it is a bonus plan. (Pl.'s Resp. Def.'s Mot. Summ. J. 3; Compl. Ex. 1, § 1.01, DN 1-2); *see Wilson*, 930 F.3d at 438 (noting that bonus plans often "state an intention to provide financial incentives for employee performance or retention").

Accordingly, "the Court finds that it is not appropriate to make a determination of the nature of the [LTIP] before the facts are developed and properly before the Court for consideration." *Tate*, 2009 WL 2431283, at *6. It is therefore also inappropriate to determine whether Clem's state law claims are preempted or Clem failed to exhaust her administrative remedies. *Id.* at *7 ("The propriety of the ERISA claim centers around whether the Plans are in fact ERISA plans. There can be no determination concerning whether Plaintiff adequately exhausted administrative remedies or whether further exhaustion would be futile until it is determined the Plans were subject to ERISA and required Plaintiff to exhaust administrative remedies."). Ovare's motion to dismiss will be denied on this basis.

### B.     Unjust Enrichment

Clem does not respond to Ovare's argument that her unjust enrichment claim should be dismissed. (Def.'s Mem. Supp. Mot. Dismiss 11; *see* Pl.'s Resp. Def.'s Mot. Dismiss). Her claim will therefore be dismissed on this basis. *See Degolia v. Kenton Cty.*, 381 F. Supp. 3d 740, 759-

6

60 (E.D. Ky. 2019) ("[I]t is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (internal quotation marks omitted) (quoting *Rouse v. Caruso*, No. 6-CV-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011)). Accordingly, Clem's unjust enrichment claim is dismissed.

### IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 5) is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's unjust enrichment claim is **DISMISSED WITHOUT PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
March 16, 2026

cc:    counsel of record

7
